IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAGODA ENTERPRIZES, INC., | ) |
| Plaintiff, | ) ) ) |
| | ) 04 C 6497 |
| v. | ) ) Judge George W. Lindberg |
| DHL EXPRESS (USA), INC., f/k/a DHL Worldwide Express, Inc., | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Defendant has moved to dismiss plaintiff's claims against it. For the reasons stated below, the motion is denied.

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 972 (7th Cir. 1995). Defendant is an express parcel shipper. Under defendant's contracts with its customers, defendant guaranteed that certain shipments would be delivered by a specified date and time, and promised to provide a refund or rebate to its customers when it did not deliver such shipments as guaranteed.

In 2003, plaintiff began entering into agreements with some of defendant's customers. Under these agreements, plaintiff submitted refund claims to defendant on behalf of the customers when defendant's deliveries were untimely. When defendant received these claims, it provided confirmation numbers to plaintiff for the refund credits, which plaintiff would then provide to the customers, allowing the customers to "short pay" future shipments. According to plaintiff, defendant processed the claims submitted by plaintiff in a timely manner from 2003 until March

2004.

Since March 2004, defendant has refused to process claims submitted by plaintiff. Defendant advised plaintiff's customers that it would no longer accept claims submitted by plaintiff on their behalf because a "no tracking" clause contained in the contracts between defendant and the customers prohibited the use of a third-party shipment auditor. According to plaintiff, defendant's agreements with defendant's customers contained no such provision.

Plaintiff's amended complaint alleges claims of intentional interference with business relations and prospective economic advantage (Count I); deceptive trade practices in violation of the Uniform Deceptive Trade Practices Act, 815 ILCS § 510/2 (Count II); and common law fraud (Count III). Defendant moves to dismiss these claims under Federal Rules of Civil Procedure 12(b)(6) and 9(b).

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must consider "whether relief is possible under any set of facts consistent with the allegations of the plaintiff's complaint." Pokuta v. Trans World Airlines, Inc., 191 F.3d 834, 839 (7th Cir. 1999). That is, if it is possible to hypothesize a set of facts that would entitle the plaintiff to relief, consistent with the allegations in the complaint, dismissal under Rule 12(b)(6) is inappropriate. Graehling v. Village of Lombard, 58 F.3d 295, 297 (7th Cir. 1995).

The court first examines defendant's motion to dismiss plaintiff's intentional interference with business relations and prospective economic advantage claim in Count I. In that claim, plaintiff alleges that defendant intentionally interfered with plaintiff's current and potential business relationships by falsely informing plaintiff's customers that their contracts with defendant prohibited them from using plaintiff's services. Defendant argues that plaintiff can

have no valid current or prospective business relationship to protect if defendant had the right under its own contracts with its customers to do what it did. Defendant maintains that its statements to its customers that they could not use plaintiff's services were a matter of defendant's interpretation of its own contracts with the customers, and cannot be attacked. Plaintiff responds that defendant had no right to make these statements, when the contracts between defendant and its customers contained no prohibition against dealing with third-party auditors.

Defendant does not identify to the court what portion of its contracts it claims to have been interpreting. Nor can the court identify any explicit prohibition on the use of third-party auditors upon review of defendant's service guarantee and terms and conditions of service, which are attached to the amended complaint. Accordingly, defendant's argument is unavailing.

Next, defendant argues that Count I should be dismissed because plaintiff is improperly claiming that defendant interfered with defendant's own contracts. It is true that a defendant cannot be held liable for interfering with its own business relationships; rather, the tortious interference must be directed toward a third party with whom the plaintiff wishes to do business. Credit Ins. Consultants, Inc. v. Gerling Global Reinsurance Corp., 210 F. Supp. 2d 980, 984 (N.D. Ill. 2002). Here, however, plaintiff's claim does not attack defendant's actions relating to defendant's own contracts, but rather defendant's interference with *plaintiff's* contracts and relationships with the customers. This argument, too, is unavailing.

Defendant next argues that Count I should be dismissed because defendant was simply refusing to deal with plaintiff, an action that was not directed at a third party. In support of this argument, defendant cites K & R Leasing Corp. v. General Motors Corp., 551 F. Supp. 842 (N.D. Ill. 1982). In that case, the district court concluded that the defendant had not tortiously interfered

with the plaintiff's contracts where the defendant had refused to sell cars to plaintiff after discovering that plaintiff intended to resell the cars overseas, in competition with the defendant's overseas dealers. Id. at 849.

K & R Leasing is distinguishable from the instant case. Here, plaintiff alleges that defendant misrepresented the terms of defendant's contracts to its customers, in an effort to persuade those customers to end their business relationships with plaintiff. Unlike in K & R Leasing, in this case the amended complaint does not allege that defendant refused to deal with plaintiff, but rather that defendant attempted to convince third parties to refuse to deal with plaintiff.

In its reply brief, defendant argues that even if defendant's statements injured plaintiff, and plaintiff had standing to bring its interference claim, the claim would nevertheless fail because defendant's conduct was privileged. Defendant argues that under Illinois law, it was entitled to take action to protect its interests that were as valuable as plaintiff's interests, even if such action interfered with plaintiff's contracts. Defendant raises this argument for the first time in its reply brief, and accordingly the court disregards it.[1] See Dixon v. Page, 291 F.3d 485, 489 (7th Cir. 2002). Plaintiff's motion to dismiss Count I is denied.

The court next turns to defendant's motion to dismiss plaintiff's Uniform Deceptive Trade Practices Act ("UDTPA") claim in Count II. The UDTPA prohibits various conduct that creates

---

[1] In any event, while Illinois law recognizes a privilege in some intentional interference cases where the defendant acts to protect an interest of equal or greater value as compared to plaintiff's contractual rights, the existence of such a privilege merely means that the plaintiff must plead and prove that the defendant's conduct was intentional and unjustified. See HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc., 545 N.E.2d 672, 677 (Ill. 1989). Here, plaintiff has alleged that defendant's conduct was intentional and unjustified.

4

unfair competition or which unreasonably interferes with another's business. See Francorp, Inc. v. Siebert, 211 F. Supp. 2d 1051, 1054 (N.D. Ill. 2002). Conduct prohibited by this statute includes disparaging the goods, services, or business of another by false or misleading representation of fact, and engaging in any other conduct which similarly creates a likelihood of confusion or misunderstanding. See 815 ILCS 510/2(a)(8) & (12). A claim under the UDTPA need not allege that actual confusion resulted from the conduct. See 815 ILCS 510/2(b).

As in its arguments relating to Count I, defendant urges the court to dismiss plaintiff's UDTPA claim on the basis that defendant's statements were not misrepresentations, but rather merely conveyed its interpretation of its contracts with its customers. Defendant also argues that plaintiff is improperly attempting to assert the legal interests of defendant's customers. The court rejects these arguments for the same reasons it rejected them relating to Count I. As noted above, plaintiff has alleged that defendant falsely informed defendant's customers that their contracts with defendant prohibited them from using plaintiff's services. Plaintiff has further alleged that defendant's false statements of fact created a likelihood of confusion or misunderstanding by plaintiff's customers. These allegations are sufficient to withstand a motion to dismiss.

However, as defendant notes, and plaintiff concedes, plaintiff is not entitled to money damages under the UDTPA. See Greenberg v. United Airlines, 563 N.E.2d 1031, 1036 (Ill. App. Ct. 1990). Accordingly, the request for monetary relief in Count II of the amended complaint is stricken, and plaintiff will be permitted to proceed only with its request for injunctive relief in that count.

Finally, the court examines defendant's motion to dismiss plaintiff's common law fraud claim in Count III. In that count, plaintiff alleges that after defendant stopped processing claims

5

plaintiff submitted on behalf of its customers, defendant advised plaintiff that the claims had not been paid because of inadvertence or clerical error, and assured plaintiff that they would be paid. The amended complaint alleges that these statements were false because defendant had already decided that it would no longer pay claims submitted by plaintiff.

Defendant argues that plaintiff fails to state a claim of fraud because it does not allege that it relied on defendant's statements by doing anything that it was not already obligated to do. Defendant further argues that even if plaintiff had relied on the statements, such reliance would have been unjustifiable because plaintiff and defendant had no relationship that would give plaintiff the right to rely on defendant's representations.

Justifiable reliance upon the truth of a statement of material fact is an element of common law fraud. Schrager v. North Cmty. Bank, 767 N.E.2d 376, 382 (Ill. App. Ct. 2002). Plaintiff alleges in the amended complaint that it

> relied upon the false and fraudulent statements made by DHL that payment on the DHL Refund/Credit claims submitted would be made. Pagoda also continued to submit additional claims for DHL Refund/Credits on behalf of Pagoda customers based on DHL's false and fraudulent statements that such claims would be honored by DHL.

Defendant argues that nothing it said could have changed plaintiff's contractual obligation to plaintiff's customers to submit claims to defendant on their behalf. Since plaintiff could not have stopped submitting the claims even if it knew that defendant did not intend to accept them, plaintiff did not rely on defendant's statements when it continued to submit the claims.

The court disagrees. Had plaintiff known that it would be fruitless to submit claims to defendant on plaintiff's customers' behalf, plaintiff could have attempted to rescind its contracts with its customers, thus freeing it to devote its time and efforts to other ventures. Plaintiff has

sufficiently alleged that it relied on defendant's representations.

The next question is whether such reliance was justifiable, given that there was no contractual relationship between plaintiff and defendant. Whether reliance is justifiable is a question of fact. Schrager, 767 N.E.2d at 386-87. Here, plaintiff has alleged that from 2003 until March 2004, defendant responded to plaintiff's submission of claims by providing plaintiff with confirmation numbers for the refund credits to which the customers were entitled. In addition, during this period defendant processed all claims submitted by plaintiff in a timely manner. These allegations may support an inference that plaintiff had an ongoing relationship with defendant of such a quality that plaintiff could justifiably rely on defendant's representations.

Finally, defendant argues that plaintiff has not pled when the fraud allegedly occurred with sufficient particularity under Federal Rule of Civil Procedure 9(b). "In all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). These circumstances generally include when the misrepresentation was made, among other things. General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1078 (7th Cir. 1997) A plaintiff "need not identify the precise time at which an alleged misrepresentation was made but may provide a 'general time.'" Pressalite Corp. v. Matsushita Elec. Corp., No. 02 C 7086, 2003 WL 1811530, at *9 (N.D. Ill. Apr. 4, 2003) (quoting Caliber Partners, Ltd. v. Affeld, 583 F. Supp. 1308, 1311 (N.D. Ill. 1984)). "Fair notice is the most basic consideration." Guaranty Residential Lending, Inc. v. International Mortgage Ctr., Inc., 305 F. Supp. 2d 846, 853 (N.D. Ill. 2004).

The amended complaint alleges that defendant stopped processing claims submitted by plaintiff beginning in March 2004; the amended complaint was filed on October 8, 2004. The amended complaint alleges that defendant made the representations at issue "on several

7

occasions" during that seventh-month period. Plaintiff has adequately alleged a time frame in which the alleged misrepresentations occurred. Defendant's motion to dismiss Count III is denied.

**ORDERED:** Defendant DHL Express (USA), Inc.'s motion to dismiss [5-1] is denied. The request for monetary relief in Count II of the amended complaint is stricken.

ENTER:

George W. Lindberg
Senior U.S. District Judge

DATED: JAN 1 8 2005